IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

        Plaintiff,                    No. CIV S-03-2044 LKK JFM P

     vs.

NORMAN BARON, C.M.O.,
et al.,

        Defendants.          ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By orders filed March 16, 2004 and August 9, 2004, plaintiff's original and first amended complaints were dismissed with leave to amend.[1] On September 13, 2004 and July 11, 2005, plaintiff filed two documents, both styled third amended complaints.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] The amended complaint filed by plaintiff after dismissal of his first amended complaint was styled a second amended complaint and dismissed with leave to file a third amended complaint.

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff claims in this action that his constitutional rights have been violated by defendants' response to his need for special shoes, surgery, and other treatment for management of his chronic back pain. In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988).

1         Plaintiff's claims in this action appear to be grounded in allegations of
2 unconstitutional delay in providing necessary medical care.  However, plaintiff has not identified
3 in the third amended complaint specific acts or omissions by any named defendant.
4         The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

         In order to state a cognizable claim for relief against any named defendant plaintiff must allege specific acts or omissions by that defendant that caused or contributed to the alleged violation of his constitutional rights.  Plaintiff has attached to the third amended complaint filed September 13, 2004 a copy of his previously dismissed amended complaint.  The court has already determined that the allegations in that pleading were not sufficient to state a cognizable Eighth Amendment claim against any of the named defendants.  Plaintiff has not alleged any new acts or omissions by said defendants that caused or contributed to the delays of which he now complains.

         Good cause appearing, plaintiff will be given one final opportunity to amend his complaint.  Plaintiff is referred to the court's previous orders with respect to the requirements for alleging a violation of his rights under the Eighth Amendment, and he is again reminded that the
/////

allegations of his amended complaint, filed March 29, 2004, were insufficient to state a cognizable claim for violation of his Eighth Amendment rights.

If plaintiff chooses to file a fourth amended complaint, he must allege in specific terms how each named defendant is or has been involved in the alleged delays in necessary medical care that he contends have violated his rights under the Eighth Amendment. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a fourth amended complaint, the previous complains will no longer serve any function in the case. Therefore, in a fourth amended complaint, as in previous complaints, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is cautioned that he should not incorporate his previous complaints by reference, nor should he attach them to any fourth amended complaint. He must set forth all allegations, and all claims, against each named defendant, in the fourth amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaints are dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint

1  must bear the docket number assigned this case, be on the form provided with this order, and
2  must be labeled "Fourth Amended Complaint"; plaintiff must file an original and two copies of
3  the fourth amended complaint; failure to file a fourth amended complaint in accordance with this
4  order will result in a recommendation that this action be dismissed.
5      3.  The Clerk of the Court is directed to send plaintiff's the court's form complaint
6  for a prisoner civil rights action under 42 U.S.C. § 1983 and accompanying instructions.
7  DATED: August 25, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
will2044.14c