1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN WILLIAMS,

11              Plaintiff,              No. CIV S-03-2044 LKK JFM P

12        vs.

13   NORMAN BARON, C.M.O., et al.,

14              Defendants.            <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with an action for violation of civil

17   rights under 42 U.S.C. § 1983.  In his fourth amended complaint, filed September 26, 2005,

18   plaintiff claims that his constitutional rights were violated by defendants' deliberate indifference

19   to his serious medical needs.

20              On April 5, 2006, defendants James and Roche filed a motion to dismiss this

21   action pursuant to Fed. R. Civ. P. 12(b) on the grounds that plaintiff failed to exhaust

22   administrative remedies prior to suit.  On July 6, 2006, defendant Rohlfing joined in the motion

23   to dismiss.[1]  On February 1, 2006, plaintiff received the notice required by <u>Wyatt v. Terhune</u>, 315

24

25        [1] On February 1, 2006, the court determined service of process was appropriate for
defendants Runnels, James, Roche and Rohlfing.  A waiver of service of summons form was
executed on behalf of defendant Runnels on April 5, 2006.  (Docket No. 37.)  To date, however,

26   defendant Runnels has not filed an answer or otherwise appeared in this action.

1

1   F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for

2   failure to exhaust administrative remedies.

3          "Section 1997e(a) of Title 42 of the United States Code provides:

4          No action shall be brought with respect to prison conditions under
    [42 U.S.C. § 1983], or any other Federal law, by a prisoner

5          confined in any jail, prison, or other correctional facility until such
    administrative remedies as are available are exhausted.

6

7   This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."

8   McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  Exhaustion must precede the filing of

9   the complaint and compliance with the statute is not achieved by satisfying the exhaustion

10  requirement during the course of an action.  Id.  Defendants have the burden of establishing that

11  plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).  See

12  Wyatt, 315 F.3d at 1120; see also Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005).

13         California's Department of Corrections provides a four-step
    grievance process for prisoners who seek review of an

14  administrative decision or perceived mistreatment. Within fifteen
    working days of "the event or decision being appealed," the inmate

15  must ordinarily file an "informal" appeal, through which "the
    appellant and staff involved in the action or decision attempt to

16  resolve the grievance informally."  Cal.Code Regs., tit. 15, §§
    3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not

17  resolved during the informal appeal, the grievant next proceeds to
    the first formal appeal level, usually conducted by the prison's

18  Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the
    second level, providing review by the institution's head or a

19  regional parole administrator, and the third level, in which review
    is conducted by a designee of the Director of the Department of

20  Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

21  Brown, at 929-30.

22         The defendants who brought the motion to dismiss assert that plaintiff has failed

23  to exhaust administrative remedies as to allegations contained in the fourth amended complaint.

24  Defendants note that the allegations upon which plaintiff relies are supported by incidents that

25  occurred in 2004 and 2005, long after this case was initiated.

26  /////

1      Plaintiff filed the instant action on September 29, 2003.  In his fourth amended

2  complaint, plaintiff contends defendants were deliberately indifferent to his serious need for

3  medical care.  In support of these claims, plaintiff refers to incidents that occurred on March 2,

4  2004 (Exhibit A); March 31, 2004 (Exhibit B); January 10, 2005 and November 8, 2005,

5  (Exhibit C); January 8, 2005, February 2, 2005, February 10, 2005, and March 16, 2005 (Exhibit

6  D); April 27, 2005, and May 20, 2005 (Exhibit E); February 10, 2004 (Exhibit 1); May 19, 2005,

7  July 12, 2005, and June 28, 2005 (Exhibit 2).  In their motion to dismiss, moving defendants

8  point out that all of these dates took place after the 2003 filing date of this complaint;

9  accordingly, they contend plaintiff could not have exhausted his administrative remedies as to

10  these incidents before filing the instant action.

11      In his opposition, plaintiff protests that his claims were exhausted and directs the

12  court's attention to exhibits attached to plaintiff's original and first amended complaint.  Plaintiff

13  contends that grievance log #03-01080 is the correct number demonstrating he has exhausted,

14  and appends a copy of the second level response for purposes of confirming the log number only.

15      The court has carefully reviewed all of the exhibits appended to plaintiff's original

16  complaint and to his subsequent amended complaints.[2]  The exhibits that address plaintiff's

17  exhaustion of administrative remedies demonstrate the following:

18      1.  Plaintiff received a Director's Level Decision in HDSP 02-01055 dated

19  November 12, 2002.  (September 29, 2003 Complaint, Ex. 1 [Docket No. 1].)  Petitioner alleged

20  that

21          while he was housed in the California State Prison, San Quentin
           Administrative Segregation Unit he was issued a CDC Form 128-
22

23      [2]  Plaintiff has filed five separate complaints in this action.  (Docket Nos. 1, 15, 20, 25 &
   27.)  Local Rule 15-220 requires that an amended complaint be complete in itself without
24  reference to any prior pleading.  This is because, as a general rule, an amended complaint
   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
25  plaintiff files an amended complaint, the original pleading no longer serves any function in the
   case.  Plaintiff can, however, request that the court append previously submitted exhibits to the
26  newly-filed complaint, if appropriate.

1    C, Medical Chrono for personal shoes for support to his back.
2    Since his arrival at High Desert State Prison (HDSP) he has not
     been issued a like chrono and his shoes were confiscated in
     Receiving & Release when he arrived at HDSP.  [Plaintiff] states
3    that he was also referred to physical therapy and received one
     treatment before the therapist resigned.  The therapist and the clinic
4    doctor both recommended that [plaintiff] have a transcutaneous
     electrical nerve stimulation (TENS) unit for pain control but the
5    Chrono Committee denied his request.  [Plaintiff] requests that he
     be able to visit a doctor on this issue, and that the CDC Form 128-
6    C Medical Chrono be restored.

7    (Id., Ex. 1)  In his second appeal, plaintiff complained of pain in his neck and lower back.  (Id.,

8    Ex. 5)

9              2.  Plaintiff received a second level appeal response issued in Log No. HDSP-C-

10   03-01080 on August 8, 2003.  (September 29, 2003 Complaint, last exhibit; also appended to

11   Docket No. 40.)  In this grievance, plaintiff requested that he be determined to have a "serious

12   medical condition," renewed his request for a shoe chrono, and requested an insole chrono.

13             [Plaintiff] states that he has a shoe chrono, which stipulates that his
               condition is determined not to be life threatening or debilitating.
14             Debilitate, meaning to sap the strength of.  [Plaintiff] alleges that
               he has another chrono which stipulates his condition as having
15             residual arthritis in his ankles and that the inmate is overweight and
               needs support, therefore, he can have shoes from the streets.  The
16             inmate alleges that his complaint is how can his condition not be
               serious, yet the HDSP chrono states a totally different reason
17             without an examination to carry this weight since his arrival at
               HDSP.  The inmate alleges that his challenge is against the HDSP
18             chrono policy and the neglect by the doctors to examine and
               prescribe the proper medicines for the inmate's medical conditions.
19   (Id.)

20   Plaintiff also grieved his treatment during his May 8, 2003 appointment with Dr. James, claiming

21   that when he sat down to discuss 12 issues with Dr. James, "it seemed as if his duties as a

22   physician were being dictated to him by the Medical Technical Assistant (MTA)."  (Id.)  Plaintiff

23   contended that not one of his 12 issues were "answered" during this appointment.  (Id.)

24             Dr. Sandham noted that plaintiff had current chronos for a soft-soled state boot, a

25   beard and a neoprene knee brace, and plaintiff's chrono for insoles had expired.  (Id.)

26   /////

                                            4

1      Plaintiff's second level appeal was denied and he was advised that he could

2  appeal this decision to the Director's Level of Review.  (Id.)  There is no copy of a Director's

3  Level Appeal for grievance Log No. HDSP-C-03-01080 appended to plaintiff's original

4  complaint.

5      3.  Plaintiff appended copies of his grievance HDSP-B 02-01055 to the amended

6  complaint filed March 29, 2004, including a copy of the Director's Level Appeal decision.

7  (Docket No. 15.)  No other grievance forms are appended to this amended complaint.

8      4.  There are no grievance forms appended to the amended complaint filed

9  September 13, 2004.  (Docket No. 20.)  While plaintiff appended a few medical records

10  concerning treatment in 2004, most of the documents appended referred to treatment in 2003.

11      5.  There are no grievance forms appended to the amended complaint filed July

12  11, 2005.  (Docket No. 25.)

13      6.  There are no grievance forms appended to plaintiff's fourth amended

14  complaint filed September 26, 2005.  (Docket No. 27.)

15      The evidence of record discloses that plaintiff completed the grievance process

16  only once before this action was filed–meaning he received a Director's Level Decision–with

17  respect to grievance number HDSP-B 02-01055 related to his request for a special shoe chrono

18  for back support, physical therapy and possible TENS treatment for neck and back pain.

19  Grievance 02-01055 concerns events that occurred before September 23, 2003.  Therefore, this

20  grievance does not serve to exhaust administrative remedies with respect to new claims identified

21  in plaintiff's subsequent complaints.

22      Despite plaintiff's claim that he did appeal his second grievance, Log No. HDSP-

23  C-03-01080, to the Director's Level of Review, there is no evidence in the record to so

24  demonstrate.  Plaintiff provided a copy of the second level review, but there is not a Director's

25  Level of Review for Log No. HDSP-C-03-01080 appended to any of plaintiff's complaints on

26  file herein.  The second level of review of this grievance was denied on August 8, 2003; thus, it

5

1   appears unlikely that plaintiff had completed an appeal to the Director's Level by the time this

2   action was filed on September 23, 2003.  Because the third level of review was available to

3   plaintiff, he was required to exhaust it before commencing this action.  Plaintiff does not argue

4   that administrative remedies for the claims raised in HDSP-C-03-01080 were unavailable.

5   Therefore, grievance 03-01080 cannot serve to exhaust administrative remedies with respect to

6   the new claims raised in his fourth amended complaint.  The court finds that plaintiff has failed

7   to rebut defendants' contention that plaintiff failed to exhaust his administrative remedies as to

8   claims raised in HDSP-C-03-01080.  Those claims must be dismissed.

9          The remaining question is whether the first grievance exhausted any of the claims

10  contained in plaintiff's fourth amended complaint.  The first grievance reads as follows:

11              Upon my arrival at this "wretched institution" I came from Ad-seg
                in "San Quentin" and was classified with a "chrono" for person[al]
12              shoes.  But they were tak[en] from me in (R&R) and the purpose of
                my chrono was for "support" to my back and I informed the (Lt.
13              Howard) of this but he blew me off with no concern for my
                medical needs, telling me that I'll be seen by the medical staff
14              which after (10 days) I still have not been seen, and my condition is
                stead[il]y worsening and I will see this complaint out with extreme
15              prejudice.

16  (Grievance HDSP-B-02-01055, dated May 10, 2002.)  In his fourth amended complaint, plaintiff

17  specifically alleges that on March 2, 2004, he was seen by Dr. James regarding a "number of

18  concerns, and complaints, which still went un-answered."  (Id. at 1.)  Plaintiff alleges custody

19  staff had confiscated his insoles and did not order the knee brace previously ordered.  (Id.)

20  Plaintiff contends on March 31, 2004, he presented to urgent care with a swollen foot that was

21  leaking fluids.  (Id. at 2.)  Plaintiff states the wound was cleaned and dressed, but "still no

22  mention about surgery [bunionectomy]."  (Id.)  Plaintiff alleges that Dr. Roche noted that

23  plaintiff's surgery had been approved, but the surgery was cancelled without stating why.  (Id.)

24  Dr. Roche's progress note states plaintiff

25              complains of pain in his bunions on the big toes bilaterally.
                Apparently he had approval for podiatry which was cancelled by
26              CMO.  He requests a repeat referral for this.  He claims it is

1       causing problems with his walking.  He requests Naprosyn and
    fiber-tabs.  Exam is limited to the feet with Stage II bunions;
2       otherwise essentially normal.

3   (Id., Ex. C.)  Plaintiff provided further reports and consultations concerning follow-up treatment

4   for his bunions.  (Id., Ex. D.)  Dr. Robert J. Parlasca, M.D., examined plaintiff on February 2,

5   2005, and recommended plaintiff would need a McBride type bunionectomy, and stated the

6   surgery could be scheduled when it was convenient for the prison.  (Id.)  Finally, plaintiff

7   complains he was seen by the fifth different doctor on the yard and referred to the ortho clinic at

8   HDSP, but plaintiff contends there is no ortho clinic at HDSP.  (Id. at 2.)  Plaintiff states HDSP

9   used to have an orthopedic surgeon, Dr. Rohlfing, but believes Dr. Rohlfing has been terminated

10  from HDSP.  (Id.)

11        Plaintiff also included an allegation concerning delay in treatment for prostate

12  cancer.  (Id. at 3.)

13        Finally, plaintiff provided copies of medical records from 2005 alleging he has

14  suffered from nerve damage in his arm to his neck to his back.  (Id.; [Docket No. 27 at 34-43],

15  Ex. 1, 2.)  Plaintiff was diagnosed with carpal tunnel syndrome on May 19, 2005.  (Id., Ex. 2.)

16  Plaintiff provides a copy of results obtained from an electromyography performed on plaintiff's

17  upper extremity on July 19, 2005.  (Id., Ex. 2.)  The report reflects the following impression:

18      1.  Right median nerve entrapment at the wrist consistent with
    carpal tunnel syndrome, moderate.
19      2.  Normal right ulnar nerve study.
    3.  No evidence of acute or chronic cervical radiculopathy.
20      4.  No evidence of peripheral neuropathy.

21  (Id.)  Plaintiff alleges his efforts to obtain treatment for these conditions, post-diagnosis, have

22  been futile.  (Id.; [Docket No. 27 at 34-43].)

23        With respect to the level of specificity required in a prisoner grievance in order for

24  the court to find that administrative remedies have been exhausted with respect to a particular

25  claim, the Supreme Court recently has held that the prisoner need not always identify the

26  particular defendants to his claim in the grievance.  Jones v. Bock, No. 05-7058, 2007 WL

1    135890, at *19 (Jan. 22, 2007).  Previously, in <u>Irvin v. Zamora</u>, 161 F. Supp. 2d 1125, 1135 (S.D.

2    Cal. 2001), the United States District Court for the Southern District of California recognized

3    that the basic premise of the exhaustion requirement is to put prison officials on notice of any

4    potential § 1983 claims.  <u>Jones</u> confirms the fundamental notice purpose of exhaustion, to the

5    extent consistent with what an administrative grievance procedure requires.  <u>See Jones</u>, 2007 WL

6    135890, at *18 (benefits of exhaustion include allowing a prison to address complaints before

7    being subjected to suit).

8            At a minimum, then, the actions forming the basis of a lawsuit must somehow be

9    brought to the attention of corrections officials before the court may deem administrative

10   remedies exhausted.  This kind of notice was not provided in this case.  In grievance No. 02-

11   01055, plaintiff raised claims concerning his prior shoe chrono for back support, physical therapy

12   and possible TENS treatment.  There was no mention of a need for surgery, either for his feet or

13   for nerve damage.  While plaintiff complained of pain to his neck and lower back, that is

14   insufficient to put prison officials on notice concerning his present need for a bunionectomy or

15   carpal tunnel repair.  Compare <u>Gomez v. Winslow</u>, 177 F. Supp. 2d 977 (N.D. Cal.

16   2001)(plaintiff's administrative appeal alleging inadequate medical attention to a serious medical

17   need on the grounds that he had been diagnosed with Hepatitis C and second level appeal

18   concerning side effects of interferon treatment was sufficient exhaustion of remedies where

19   second level of review was granted and Gomez was granted all of the relief he had requested

20   during the pendency of his administrative appeal).  The court cannot find that correctional

21   officials were put on notice of the allegations contained in plaintiff's fourth amended complaint

22   because the medical diagnoses on which they rely had not been rendered by the date of the filing

23   of this action, nor had the incidents upon which plaintiff relied taken place prior to the date of the

24   filing of this action, thus preventing prison officials from addressing them through the

25   administrative process prior to suit.

26   /////

8

1   Accordingly, plaintiff's claims against the defendants bringing the motion to

2   dismiss that are based on events occurring after this action was filed on September 29, 2003 must

3   be dismissed.  Such claims could not have been exhausted before filing suit.  42 U.S.C.

4   § 1997e(a).

5   In light of the foregoing, the court will grant defendants' motion to dismiss

6   plaintiff's fourth amended complaint.  However, in an abundance of caution, plaintiff will be

7   provided one final opportunity to file a fifth amended complaint raising only those claims

8   addressed in grievance No. 02-01055, specifically, claims concerning his prior shoe chrono,

9   physical therapy and possible TENS treatment.

10   Moreover, plaintiff is advised that in order to prevail on his Eighth Amendment

11   claim, plaintiff must prove that he had a "serious medical need" and that defendants acted with

12   "deliberate indifference" to that need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  A medical

13   need is serious if  "the failure to treat a prisoner's condition could result in further significant

14   injury or the 'unnecessary and wanton infliction of pain'."  McGuckin v. Smith, 974 F.2d 1050,

15   1059 (9th Cir.1992) (quoting Estelle, 429 U.S. at 104).  Deliberate indifference is proved by

16   evidence that a prison official "knows of and disregards an excessive risk to inmate health or

17   safety; the official must both be aware of the facts from which the inference could be drawn that

18   a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v.

19   Brennan, 511 825, 837 (1994).  Mere negligence is insufficient for Eighth Amendment liability.

20   Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  "Prison officials are deliberately

21   indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere

22   with medical treatment."  Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations

23   and quotation marks omitted).  Mere differences of opinion between a prisoner and prison

24   medical staff as to appropriate medical care also do not give rise to a § 1983 claim.  Franklin v.

25   Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

26   /////

9

1    If plaintiff chooses to file a fifth amended complaint, plaintiff must demonstrate

2 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

3 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the fifth amended complaint

4 must allege in specific terms how each named defendant is involved.  There can be no liability

5 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

6 actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

7 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8 Furthermore, vague and conclusory allegations of official participation in civil rights violations

9 are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    Plaintiff is reminded that the court cannot refer to a prior pleading in order to

11 make plaintiff's fifth amended complaint complete.  The fifth amended complaint must be

12 complete in itself without reference to any prior pleading.  Local Rule 15-220; see also Loux v.

13 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a fifth amended complaint, the

14 original pleading no longer serves any function in the case.  Therefore, in a fifth amended

15 complaint, as in an original complaint, each claim and the involvement of each defendant must

16 be sufficiently alleged.

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1.  The motion to dismiss filed April 5, 2006, by defendants James and Roche, is

19 granted;

20    2.  Defendant Rohlfing's July 6, 2006, joinder in the motion to dismiss is granted;

21    3.  Plaintiff's September 26, 2005 fourth amended complaint is dismissed; and

22    4.  Plaintiff is granted 45 days from the date of service of this order to file a fifth

23 amended complaint raising only those claims addressed in grievance No. 02-01055, and that

24 complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and

25 the Local Rules of Practice; the fifth amended complaint must bear the docket number assigned

26 this case and must be labeled "Fifth Amended Complaint"; plaintiff must file an original and two

1  copies of the fifth amended complaint; failure to file a fifth amended complaint in accordance

2  with this order will result in a recommendation that this action be dismissed.

3   DATED:  February 2, 2007.

4

5

6                                                    UNITED STATES MAGISTRATE JUDGE

7  1/will2044.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11