IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

    Plaintiff,                     No. CIV S-03-2044 LKK JFM P

    vs.

NORMAN BARON, C.M.O., et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On May 25, 2006, plaintiff filed a motion entitled "Notice of motion for 'Judicial Intervention.'" Plaintiff alleges that defendants sought and obtained, without plaintiff's written consent, copies of plaintiff's medical and psychiatric records from High Desert State Prison ("HDSP").

        Privacy rights in medical records are neither fundamental nor absolute. Whalen v. Roe, 429 U.S. 589, 603-604 (1977). The holder of a privacy right can waive it through a variety of acts, including by written authorization or instituting a lawsuit. Id. Moreover, where an individual institutes a law suit in which his health and medical records are at issue, release of the records would likely be ordered, even over objection, during discovery. In the instant action, plaintiff presses claims of deliberate indifference to plaintiff's serious medical needs, alleging various failings on the part of defendants to provide adequate medical care. Accordingly, plaintiff has placed his medical records at issue, thereby waiving his privacy interest in the

1

records.  Moreover, while the document appended to plaintiff's request appeared to also request plaintiff's mental health records, the declaration of custodian of medical records specifically states that medical records were provided.  There is no indication in the declaration that plaintiff's mental health records were provided.  Good cause appearing, plaintiff's motion will be denied.

On August 21, 2006, plaintiff filed a letter noting that he had been transferred from HDSP to Corcoran State Prison.  Plaintiff contends that prison officials at HDSP are intentionally withholding all of his legal property, consisting of approximately 5-1/2 to 6 boxes of legal work, exhibits, case law and legal books.  Plaintiff asks the court to order HDSP to return this material forthwith.

On September 5, 2006, plaintiff filed a motion entitled "Notice of Motion for Protective Order."  Plaintiff claims that since he left HDSP he has attempted to file two change of address notices, but has not received confirmation of their filing with the court.  Plaintiff further contends that the office of the attorney general has "engaged in an agreement with CDC officials here at Tehachapi to not issue plaintiff's property so that plaintiff cannot diligently address the courts."  (Id. at 2.)  Plaintiff also contends he desired to file a motion for summary judgment in the instant action but was prevented from doing so because he has been deprived of his legal property.[1]  Plaintiff asks the court to issue a "protective order" requiring the prison to return plaintiff's legal materials to him.

Initially, plaintiff is advised that the court received both change of address notices (August 3, 2006 and August 10, 2006.)[2]  Moreover, the court has not yet issued a scheduling

---

[1] Plaintiff further alleges that the Third District Court of Appeal issued a denial on August 10, but plaintiff did not receive that order until August 25, and his petition for review was due ten days after the order issued.  Plaintiff is advised that he must contact the state court directly regarding cases pending therein.

[2] Plaintiff's change of address notices were also docketed in CIV S-04-1176 LKK EFB P.  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

order setting forth deadlines for discovery or for filing summary judgment motions in the instant action. Accordingly, plaintiff has not suffered denial of access to the courts by the delay in receipt of his legal property to date in this action. However, by separate order, plaintiff was ordered to file a fifth amended complaint in this action. Presumably plaintiff will need his legal materials in order to comply with that order. Accordingly, counsel for defendants will be directed to ensure that plaintiff has access to his legal materials within ten days from the date of this order and file a declaration confirming said access. In addition, the Clerk of the Court will be directed to provide plaintiff with a copy of the original complaint, filed September 29, 2003, including all exhibits. In all other respects, plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 25, 2006 motion is denied.

2. Plaintiff's September 5, 2006 motion is granted in part; counsel for defendants shall ensure that plaintiff has access to his legal materials within ten days from the date of this order and file a declaration confirming said access. In all other respects, plaintiff's motion is denied.

3. The Clerk of the Court is directed to send plaintiff a copy of the original complaint, filed September 29, 2003 (docket no. 1), including all exhibits.

DATED: February 5, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; will2044.po