IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

    Plaintiff,                                No. CIV S-03-2044 LKK JFM P

    vs.

NORMAN BARON, C.M.O., et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  By order filed February 2, 2007, plaintiff's fourth amended complaint was dismissed and plaintiff was granted forty-five days in which to file a fifth amended complaint.  After plaintiff's interlocutory appeal from that order was denied, plaintiff received an extension of time to file a fifth amended complaint.  On July 2, 2007, plaintiff filed a fifth amended complaint, and on July 27, 2007, plaintiff filed a request to add a supplemental statement to his fifth amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In accordance with the court's February 2, 2007 order, plaintiff is proceeding in this action on a claim that his Eighth Amendment rights were violated in connection with his request, made following his transfer to High Desert State Prison, for a special shoe chrono for back support, physical therapy and possible TENS treatment for neck and back pain.  See Order filed February 2, 2007, at 5, 9.

Plaintiff names five defendants in the fifth amended complaint, Chief Medical Officer S.M. Roche, Dr. Glenn James, Dr. M. Watson, Dr. R. Cox, and Dr. Dial.  In the July 27, 2007 supplement, plaintiff names three defendants, Dr. Watson, Dr. James, and Chief Medical

Officer Norman Baron. Plaintiff also refers in the supplement to Dr. Cox and Dr. Dial, as well as to Chief Medical Officer Roche and former Chief Medical Officer Sandham.

Although the contours of the claimed violation of plaintiff's constitutional rights is clear from the documents now before the court, it is still unclear whether all of the proper defendants are before the court. The court's review of the fifth amended complaint and the supplement suggests that plaintiff is likely to be able to state a cognizable claim for relief against Dr. Watson and Chief Medical Officer Baron. It is also possible that plaintiff may be able to state a cognizable claim for relief against other individuals identified in the fifth amended complaint and the supplement if plaintiff alleges facts which suggest their personal involvement in the events complained of. This he has not yet done. For this reason, the court must dismiss plaintiff's fifth amended complaint with leave to amend.

The primary reason that plaintiff will be required to amend his complaint yet again is to clarify who the proper defendants are. To this end, plaintiff should abide by the following instructions. First, the claims raised in his sixth amended complaint must be limited to those described in the court's February 2, 2007 order as exhausted prior to commencement of this action, i.e., those connected to plaintiff's efforts to obtain a special shoe chrono for back support, physical therapy and possible TENS treatment for neck and back pain. Second, plaintiff must file his sixth amended complaint on the form provided with this order. Third, he must name every defendant involved in the alleged Eighth Amendment violations at issue in both the caption of the complaint on the first page of the form in the space for defendants, and in section III of the form complaint on page 2. The defendants named in both the caption and section III must be identical.

Thereafter, in section IV, plaintiff must include a short and plain statement of the acts and or omissions of each defendant named in the sixth amended complaint that contributed to the alleged violation of his Eighth Amendment rights at issue in these proceedings. In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal

quoted, as a model of concise pleading, the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id. Plaintiff should follow this model in setting forth short and plain sentences describing how each of the defendants named in his sixth amended complaint was involved in the alleged violation of his Eighth Amendment rights.

Finally, for the last time plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's sixth amended complaint complete. The sixth amended complaint must be complete in itself without reference to any prior pleading, nor will the court permit supplementation of the sixth amended complaint should plaintiff omit any essential part thereof. Local Rule 15-220; see also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a sixth amended complaint, the original pleading no longer serves any function in the case. For all these reasons, in the sixth amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's fifth amended complaint is dismissed;

2. Plaintiff is granted 45 days from the date of service of this order to file a sixth amended complaint raising only those claims addressed in grievance No. 02-01055;

3. The sixth amended complaint must comply with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the

sixth amended complaint must be on the form provided with this order, must bear the docket number assigned this case and must be labeled "Sixth Amended Complaint"; plaintiff must file an original and two copies of the sixth amended complaint; failure to file a sixth amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    4. The Clerk of the Court is directed to send plaintiff a form complaint for filing a civil rights action under 42 U.S.C. § 1983.

DATED: February 6, 2008.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

12
will2044.14am5