IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

    Plaintiff,                       No. CIV S-03-2044 LKK JFM P

    vs.

NORMAN BARON, C.M.O., et al.,

    Defendants.              <u>ORDER</u>

         Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  On November 3, 2005, this court order service of process for claims raised in plaintiff's fourth amended complaint on four defendants named in that pleading, defendants Runnels, Roche, Rohlfing and James.  Defendants James, Roche, and Rohlfing were served with process and appeared in this action through a motion to dismiss.[1]

         By order filed February 2, 2007, defendants' motion to dismiss was granted and plaintiff was given leave to file a fifth amended complaint.  By order filed February 7, 2008, plaintiff's fifth amended complaint was dismissed and plaintiff was granted forty-five days in

---

[1] Defendant Runnels has not appeared in the action, although a waiver of service was signed on his behalf on April 5, 2006.

1

which to file a sixth amended complaint. On March 5, 2008, plaintiff timely filed a sixth amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In accordance with the court's February 2, 2007 order, plaintiff is proceeding in this action on a claim that his Eighth Amendment rights were violated in connection with his

request, made following his transfer to High Desert State Prison, for a special shoe chrono for back support, physical therapy and possible TENS treatment for neck and back pain. See Order filed February 2, 2007, at 5, 9.

Plaintiff names nine defendants in the fifth amended complaint, Chief Medical Officer N. Baron, S. M. Roche, Dr. M. Watson, Lt. Howard, Dr. Glenn James, Dr. R. Cox, N. Grannis, Dr. Rohlfing, and D. L. Runnels. and Dr. Dial. Plaintiff's claims against Dr. James, Dr. Cox, and Dr. Rohlfing are based on events that occurred after this action was filed. Pursuant to the February 2, 2007 order, plaintiff may not proceed with those claims in this action. For that reason, Drs. James,, Cox, and Rohlfing will not be required to answer the sixth amended complaint.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

/////

1  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

Plaintiff's allegations against defendant D. L. Runnels are based solely on said defendant's supervisorial role as the Warden of High Desert State Prison at the time of the events complained of. The allegations are insufficient to state a cognizable claim for relief against defendant Runnels. Defendant Runnels will not, therefore, be required to respond to the sixth amended complaint.[2]

The sixth amended complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the sixth amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

On March 3, 2008 and March 6, 2008, plaintiff filed documents styled as motions for protective orders. The motions contain allegations concerning plaintiff's lack of access to legal materials and to his medical records and the attendant impacts on his ability to prosecute this action. Good cause appearing, defendant Roche will be directed to file and serve a response to these motions within twenty days.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: N. Baron; Dr. M. Watson; Lt. Howard; and N. Grannis;

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the sixth amended complaint filed March 5, 2008;

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

---

[2] Because the sixth amended complaint does not state a cognizable claim for relief against defendant Runnels, the court will not take any action sua sponte on defendant Runnels' failure to respond to the fourth amended complaint.

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for each defendant listed in number 1 above; and

d. Five copies of the endorsed sixth amended complaint filed March 5, 2008.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. Within twenty days from the date of this order defendant Roche shall file and serve a response to plaintiff's sixth amended complaint.

6. Within twenty days from the date of this order defendant Roche shall file and serve a response to plaintiff's March 3, 2008 and March 6, 2008 motions.

DATED: April 8, 2008.

UNITED STATES MAGISTRATE JUDGE

12
will2044.6tham

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

        Plaintiff,                      No. CIV S-03-2044 LKK JFM P

    vs.

NORMAN BARON, C.M.O., et al.,        <u>NOTICE OF SUBMISSION</u>

        Defendants.                 <u>OF DOCUMENTS</u>

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ completed summons form

        _____ completed USM-285 forms

        _____ copies of the <u>Sixth Amended Complaint</u>

DATED:

                                                  _____
                                                  Plaintiff