IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

      Plaintiff,                    No. 2:03-cv-2044 LKK JFM (PC)

   vs.

NORMAN BARON, C.M.O., et al.,

      Defendants.              FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 29, 2003. It is proceeding on claims raised against five defendants named in plaintiff's sixth amended complaint, filed March 5, 2008. This matter is before the court on defendant Roche's motion for dismissal from this action pursuant to Fed. R. Civ. P. 12(b)(6) and the unenumerated provisions of Fed. R. Civ. P. 12 (b).

I. <u>Failure to State a Claim Upon Which Relief May Be Granted</u>

      Defendant Roche's first contention is that the allegations of the sixth amended complaint against him based on acts or omissions that preceded the filing of this action fail to state a cognizable claim for relief against him.

      In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, __ U.S. __, 127 S.Ct. 2197 (2007), and construe the

1

pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1965 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, __ U.S. __, 127 S.Ct. at 2200 (quoting Bell, at 2200, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

By this action, plaintiff claims that his rights under the Eighth Amendment were violated by defendants' deliberate indifference to his serious medical needs, specifically, timely provision of medically necessary shoes and therapy for neck and back pain. Plaintiff alleges that on August 13, 2002, defendant Roche responded at the first formal level of review to an inmate appeal plaintiff filed seeking an appointment with a doctor, special shoes, medication, and physical therapy. Defendant Roche partially granted plaintiff's appeal, finding that (1) plaintiff had seen a doctor; (2) restoration of a shoe chrono plaintiff had for tennis shoes at San Quentin State Prison was unnecessary because plaintiff was permitted to wear tennis shoes at High Desert State Prison; (3) plaintiff's medication was necessary; (4) plaintiff had started physical therapy on May 31, 2002 and had been issued cotton blankets on July 26, 2002; and (5) plaintiff received a chrono for crepe-soled boots in July, which could take up to 120 days to process. Ex. O to Sixth Amended Complaint. Plaintiff alleges that "as a result of this" response, "it had been 102 days and plaintiff still had not received any treatment for his neck and back pain and shoes for support." Sixth Amended Complaint, at 4.

Liberally construed, plaintiff's claim appears to be that there were significant delays in receipt of the shoes and other treatment for his neck and back pain, amounting to a violation of his constitutional rights, and that defendant Roche's acts and omissions in connection with the processing of plaintiff's appeal contributed to that delay. Defendant Roche


1  seeks dismissal on the grounds that his sole involvement in the events complained of was to
2  process plaintiff's inmate appeal, that plaintiff has no protected liberty interest in the inmate
3  appeal process, and that nothing he did in connection with plaintiff's appeal caused the alleged
4  delays in proper medical care. The latter contention has merit.
5        "The government has an obligation under the Eighth Amendment to provide
6  medical care for those whom it punishes by incarceration." Lopez v. Smith, 203 F.3d 1122, 1131
7  (9th Cir. 2000). "But not every breach of that duty is of constitutional proportions. In order to
8  violate the Eighth Amendment proscription against cruel and unusual punishment, there must be
9  a 'deliberate indifference to serious medical needs of prisoners.'" Lopez, 203 F.3d at 1131
10 (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).
11       A medical need is "serious" "if the failure to treat the prisoner's condition could
12 result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin
13 v. Smith, 974 F.2d ,1050, 1059 (9th Cir. 1991) (quoting Estelle, 429 U.S. at 104). Examples of
14 indications of a serious medical need include "[t]he existence of an injury that a reasonable
15 doctor or patient would find important and worthy of comment or treatment; the presence of a
16 medical condition that significantly affects an individual's daily activities; or the existence of
17 chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.
18       Deliberate indifference to a medical need is shown when a prison official knows
19 that an inmate has a serious medical need and disregards that need by failing to respond
20 reasonably to it. See Farmer v. Brennan, 511 U.S. 825 (1994). "[A] prison official cannot be
21 found liable under the Eighth Amendment for denying an inmate humane conditions of
22 confinement unless the official knows of and disregards an excessive risk to inmate health or
23 safety; the official must both be aware of facts from which the inference could be drawn that a
24 substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.
25       It is plain from the allegations of the sixth amended complaint that defendant
26 Roche's sole role in the events complained of that predate the filing of this action was to review

and respond to plaintiff's grievance. In so doing, he confirmed that steps were being taken to provide plaintiff with necessary medical care. There are no allegations in the sixth amended complaint that give rise to any plausible inference that defendant Roche acted with deliberate indifference to plaintiff's serious medical needs in processing plaintiff's appeal, or that defendant Roche was in any way connected to any alleged delays in treatment that followed his resolution of plaintiff's grievance at the first formal level of review. Accordingly, this court finds that plaintiff has failed to state a cognizable claim for relief against defendant Roche for the events alleged in the sixth amended complaint that preceded the filing of this action.

The court further finds that this defect in plaintiff's sixth amended complaint cannot be cured by further amendment. This action has been pending for over five years, and plaintiff has had six opportunities to amend his complaint. At this juncture, plaintiff's claim against defendant Roche arising from the events that predated the filing of this action should be dismissed without leave to amend.

II. <u>Failure to Exhaust Administrative Remedies</u>

Defendant Roche also contends that plaintiff failed to exhaust administrative remedies prior to suit in connection with allegations against him arising from events that came after this action was filed. Plaintiff concedes that the claims based on these allegations must be dismissed. <u>See</u> Plaintiff's Notice and Response to Defendant's 12(b) and 12(b)(6) Motion, filed May 21, 2008, at 2.

IT IS HEREBY RECOMMENDED that:

1. Defendant Roche's May 2, 2008 motion to dismiss be granted;

2. Plaintiff's claim against defendant Roche arising from events that preceded the filing of this action should be dismissed without leave to amend;

3. Plaintiff's claims against defendant Roche arising from events after September 29, 2003 should be dismissed for failure to exhaust administrative remedies prior to suit; and

4. Defendant Roche should be dismissed from this action.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2008.

UNITED STATES MAGISTRATE JUDGE

12
will2044.mtd1