IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS, SR.,

       Plaintiff,                    No. 2:03-cv-2044 LKK JFM (PC)

    vs.

NORMAN BARON, C.M.O., et al.,

       Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

        On March 3, 2008 and March 6, 2008, plaintiff filed documents styled as motions for a protective order and injunctive relief. By these motions, plaintiff sought orders requiring defendants to provide him with his entire medical file, parts of which he contended were missing, and with access to his legal materials. Pursuant to court order, on May 1, 2008, defendants filed a response to these motions. On May 21, 2008, plaintiff filed a response to defendants' May 1, 2008 response. Therein, plaintiff acknowledges that he has received his entire medical file. That portion of plaintiff's March 3, 2008 and March 6, 2008 motions are therefore moot.

        With respect to plaintiff's access to his legal materials, in their May 1, 2008 response, defendants represent that "Plaintiff's in-cell legal materials are subject to the six cubic

1

feet property rule and if his personal property exceeds this rule he must place the excess legal materials in storage" and that he can "swapping out materials held in-cell" for other materials as long as he maintains the six cubic foot maximum.  Defendant Roche's Response to Order filed April 9, 2008, at 2.  In his May 21, 2008 response, plaintiff contends that prison officials at California Correctional Institution in Tehachapi confiscated all of his legal material and that there is no program in place to provide him with access to those materials.  Plaintiff also contends that he is being denied adequate access to the prison law library.  A similar motion was filed on August 18, 2008.

       Plaintiff has not shown, nor does the record reflect, that plaintiff is unable to access the court to litigate this action as a result of the alleged limits on his access to his legal materials or to a prison law library or its equivalent.  Cf. Lewis v. Casey, 518 U.S. 343 (1996).  For that reason, these aspects of plaintiff's March 3, 2008, March 6, 2008, and August 18, 2008 motions will be denied.

       On June 18, 2008, plaintiff filed a motion styled as a motion for a permanent injunction.  Therein, plaintiff contends that he will be unable to timely file an opposition to defendant Roche's May 2, 2008 motion to dismiss due to alleged denial of access to his legal material and to the law library.  Plaintiff sought and received an extension of time to file an opposition to the motion, which he filed on July 17, 2008.[1]  Plaintiff's June 18, 2008 motion is moot and will therefore be denied.

       On July 7, 2008, plaintiff filed a document styled as a motion for a permanent protective order, by which he sought postponement of resolution of defendant Roche's May 2, 2008 motion to dismiss.  This court issued findings and recommendations on defendant Roche's

---

[1] On August 15, 2008, plaintiff filed a request for an extension of time to file a response to defendant Roche's July 28, 2008 reply.  On August 18, 2008, plaintiff filed a second document styled as an opposition to defendant Roche's motion to dismiss.  A response to a reply brief is not a pleading authorized by either the Federal Rules of Civil Procedure or the Local Rules of this Court.  Plaintiff's August 15, 2008 request is moot, as the court has issued findings and recommendations on defendant Roche's motion to dismiss.

2

1  motion to dismiss on October 7, 2008, well after plaintiff filed two oppositions to the motion.
2  Plaintiff's July 7, 2008 motion is moot and will therefore be denied.
3        On August 14, 2008, plaintiff filed a document styled as a motion for discovery.
4  By this document, plaintiff seeks leave of court to propound discovery on defendants to obtain
5  information necessary serve process on defendants Watson and Baron.  Plaintiff is informed that
6  court permission is not necessary for discovery requests and that neither discovery requests
7  served on an opposing party nor that party's responses should be filed until such time as a party
8  becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal
9  Rules of Civil Procedure.  Plaintiff's August 14, 2008 motion will be denied as unnecessary.
10  Pursuant to this court's June 25, 2008 order, plaintiff was to have submitted additional
11  information for service of process on defendants Watson and Baron on or before August 24,
12  2008.  Plaintiff will be granted sixty days from the date of this order to comply with the court's
13  June 25, 2008 order.
14        Finally, on September 24, 2008, plaintiff filed a request for extension of time to
15  file an opposition to the August 28, 2008 motion to dismiss filed by defendants Grannis and
16  Roche.[2]  On October 23, 2008, plaintiff filed an opposition to the motion.  Good cause appearing,
17  plaintiff's request for extension of time will be granted nunc pro tunc and plaintiff's October 23,
18  2008 opposition will be deemed timely filed.
19        In accordance with the above, IT IS HEREBY ORDERED that:
20      1. Plaintiff's March 3, 2008 motion is denied;
21      2. Plaintiff's March 6, 2008 motion is denied;
22      3. Plaintiff's June 18, 2008 motion is denied;
23      4. Plaintiff's July 7, 2008 motion is denied;
24      5. Plaintiff's August 14, 2008 motion is denied;

---

[2] The court has already recommended that defendant Roche's earlier motion to dismiss, filed May 2, 2008, be granted.

6. Plaintiff is granted an additional period of sixty days from the date of this order to comply with this court's June 25, 2008 order;

7. Plaintiff's August 18, 2008 motion is denied;

8. Plaintiff's September 24, 2008 request for extension of time is granted;

9. Plaintiff's October 23, 2008 opposition to defendants' August 28, 2008 motion to dismiss is deemed timely filed; and

10. Defendants' reply shall be filed and served not later than ten days from the date of this order.

DATED: November 6, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
will2044.o