IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS, SR.,

       Plaintiff,                     No. 2:03-cv-2044 LKK JFM (PC)

   vs.

NORMAN BARON, C.M.O., et al.,

       Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 17, 2008, service directed to defendant Howard was returned unexecuted because said individual is deceased. By order filed June 25, 2008, the court noted the suggestion of defendant Howard's death on the record and directed the Clerk of the Court to serve a copy of the return of service on plaintiff. On July 10, 2008, plaintiff filed a document styled as a motion for substitution pursuant to Fed. R. Civ. P. 25(a)(1). That motion did not identify any substitute for defendant Howard. On August 14, 2008, plaintiff filed a motion to substitute defendant Howard's estate in as a defendant in this action and he requests service of the motion on the executor of defendant Howard's estate.

/////

/////

1

        Fed. R. Civ. P. 25(a)(1) provides:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Plaintiff has not made any showing that defendant Howard's estate would be a proper party in this action, nor has he made any showing concerning the existence, identity, or location of such an estate or executor. For that reason, plaintiff's motions should be denied.

        Ninety days have passed since defendant Howard's death was suggested on the record. Pursuant to Federal Rule of Civil Procedure 25, a motion for substitution of a proper party must be made no later than ninety days after the death is suggested upon the record. That time period has now expired. For the reasons set forth above, the two motions for substitution should be denied, and no proper motion for substitution has been filed. Accordingly, plaintiff's claims against defendant Howard should be dismissed.

        In accordance with the above, IT IS HEREBY RECOMMENDED that:

        1. Plaintiff's July 10, 2008 and August 14, 2008 motions for substitution be denied; and

        2. Plaintiff's claims against defendant Howard should be dismissed.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after service of these findings and recommendations, any written objections may be filed with the court. The document should be captioned "Objections to Magistrate Judge's Findings

/////

/////

/////

1  and Recommendations." Failure to file objections within the specified time may waive the right
2  to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: November 6, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
will2044.deathfr