IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS,

    Plaintiff,                    No. 2:03-cv-2044 LKK JFM (PC)

    vs.

NORMAN BARON, C.M.O., et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 29, 2003. It is proceeding on claims raised against five defendants named in plaintiff's sixth amended complaint, filed March 5, 2008.[1] This matter is before the court on defendant Grannis' August 28, 2008 motion for dismissal from this action on the grounds that the claims against her are time-barred.[2][3]

---

[1] By order filed April 9, 2008, this court found that plaintiff's sixth amended complaint stated cognizable claims for relief against M. Roche, N. Baron, N. Grannis, Lt. Howard, and M. Watson. By order filed November 12, 2008, defendant Roche's motion to dismiss was granted and defendant Roche was dismissed from this action. On November 7, 2008, this court recommended that defendant Howard, who is now deceased, be dismissed from this action. On January 22, 2008, this court recommended dismissal of defendants Baron and Watson due to plaintiff's failure to provide information necessary for service of process.

[2] In addition, defendant Grannis seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth infra, this

1

1    California law determines the applicable statute of limitations in this § 1983
2 action.  See Wilson v. Garcia, 471 U.S. 261 (1985).  Until December 31, 2002, the applicable
3 state limitations period was one year.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)
4 (citing Cal.Civ.Proc.Code § 340(3) (West Supp. 2002); see also Maldonado v. Harris, 370 F.3d
5 945, 954-55 (9th Cir. 2004).[4]  Effective January 1, 2003, the applicable California statute of
6 limitations was extended to two years.  See Jones, 393 F.3d at 927 (citing Cal.Civ.Proc.Code §
7 335.1).  California law also tolls for two years the limitations period for inmates "imprisoned on
8 a criminal charge, or in execution under the sentence of a criminal court for a term less than for
9 life."  Cal.Civ.Proc.Code § 352.1.[5]

10    By this action, plaintiff claims that his rights under the Eighth Amendment were
11 violated by defendants' deliberate indifference to his serious medical needs, specifically, timely
12 provision of medically necessary shoes and therapy for neck and back pain.  Plaintiff alleges that
13 on November 12, 2002, defendant Grannis denied at the final level of administrative review an
14 inmate appeal plaintiff filed seeking an appointment with a doctor, special shoes, medication, and
15 physical therapy.  Plaintiff's claim against defendant Grannis therefore accrued on or about
16 November 12, 2002.  At the time plaintiff's claim accrued, in accordance with the provisions of
17 Cal.Civ.Proc.Code §§340(3) and 352.1, he had until November 12, 2005 to file a civil rights

---

court finds the claim against defendant Grannis time-barred.  The court will not, therefore, reach defendant Grannis' contention that plaintiff has failed to state a claim for relief against her.

[3] The instant motion was also brought by defendant Roche.  As noted in footnote 1, supra, defendant Roche was dismissed from this action on November 12, 2008.  Accordingly, defendants' motion to dismiss is moot as to plaintiff's claims against defendant Roche.

[4] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run.  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).  Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"  Id. (citations omitted).

[5] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling."  Jones, at 927 n.5 (citations omitted).

2

action arising from those events. On January 1, 2003, the statute of limitations was extended to two years. Federal law governs whether a new statute of limitations applies retroactively. See Jones v. Blanas, 393 F.3d 918, 927 n.4 (9th Cir. 2004). Under federal law, "'a newly enacted statute that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme'. . . ." Jones, id. (quoting Chenault v. United States Postal Service, 37 F.3d 535, 539 (9th Cir. 1994)). "A claim is barred, or 'stale,' if the applicable statute of limitations period expires prior to the enactment of the statutory enlargement." Jordan v. Herrera, 2003 WL 22668840, slip op. at 4 (C.D. Cal. 2003). Where, as here, the limitations period on plaintiff's cause of action had not expired at the time the statute of limitations was enlarged, the new limitation period applies. See id.[6] Plaintiff therefore had until November 12, 2006 to file his claim against defendant Grannis. Plaintiff's sixth amended complaint was not filed until March 5, 2008, and plaintiff did not name defendant Grannis as a defendant in any previous complaint filed in this action.

        Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part that

> [a]n amendment to a pleading relates back to the date of the original pleading when:
>
> . . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period for serving the summons and complaint, the party to be brought in by amendment:

---

[6] Defendant asserts that the new two year statute of limitations does not apply retroactively and, therefore, that the applicable limitation period for plaintiff's claim is one year. (Defendant Donald Neal, RN's Memorandum of Points and Authorities in Support of His Motion to Dismiss, filed December 14, 2006, at 2-3.) Defendant Neal does not, however, analyze how this principle applies to the facts of this case. Moreover, defendant Neal then argues that the statute of limitations was tolled by the provisions of Cal. Code Civ. Proc. § 352.1(a) until January 4, 2003. (Id. at 3.) At that point, the new two year limitations period was in effect. See Jones, at 927.

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B), (C). Plaintiff's claim against defendant Grannis satisfies the requirement of Fed. R. Civ. P. 15(c)(1)(B) in that the claim against defendant Grannis arose out of the same transaction or occurrence that gave rise to the claims raised in the original complaint.[7] The record does not, however, show that the requirements of Fed. R. Civ. P. 15(c)(1)(C) have been met.

The original complaint was filed in this action on September 29, 2003. Despite the fact that plaintiff appended to that complaint a copy of the Director's Level decision that forms the basis of his claim against defendant Grannis, he did not name defendant Grannis as a defendant in that or any of the succeeding amended complaints filed in this action until he filed the sixth amended complaint in March 2008. This court therefore finds that, prior to July 2008 when she received a copy of the complaint and waived service of process[8], defendant Grannis had no notice that she might be a defendant in this action. For that reason, the claim raised against defendant Grannis in the sixth amended complaint does not relate back to the filing of the original action, and that claim is time-barred. Defendant Grannis' motion to dismiss should therefore be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Grannis' August 28, 2008 motion to dismiss be granted;

/////

---

[7] In fact, the administrative decision on which plaintiff's claim against defendant Grannis is based is appended to the original complaint.

[8] A waiver of service was signed on behalf of defendant Grannis on July 11, 2008 and filed in this action on July 23, 2008.

4

2. Plaintiff's claim against defendant Grannis be dismissed as barred by the statute of limitations; and

3. Defendant Grannis be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2009.

UNITED STATES MAGISTRATE JUDGE

12
will2044.mtd2