IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILLIAMS, SR.,

    Plaintiff,               No. 2:03-cv-2044 LKK JFM (PC)

   vs.

NORMAN BARON, C.M.O., et al.,

    Defendants.        ORDER

_____/

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983 against various defendants.  Service on one defendant, Howard, was returned with a statement that Howard was deceased.  By order filed on June 25, 2008, the court informed plaintiff of this fact.  On August 14, 2008, plaintiff filed a motion to substitute defendant Howard's estate in as a defendant in this action, pursuant to Fed. R. Civ. P. 25(a).[1]  Plaintiff states that despite his efforts at investigation, he does not know whether such an estate exists, or whom the executor might be.  Nonetheless, he requests service of the Rule 25 motion on the executor of defendant Howard's estate.

    The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

---

[1] Plaintiff filed an earlier motion on July 10, 2008.  This earlier motion did not name the party to be substituted.

1

1  636(b)(1)(B) and Local General Order No. 262.  On November 7, 2008, the magistrate judge
2  filed findings and recommendations which were served on all parties and which contained notice
3  to all parties that any objections to the findings and recommendations were to be filed within
4  twenty days.  Plaintiff has filed objections to the findings and recommendations.  In accordance
5  with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted
6  a de novo review of this case, and orders as follows.
7      Fed. R. Civ. P. 25(a)(1) provides:
8      If a party dies and the claim is not extinguished, the court may
       order substitution of the proper party.  A motion for substitution
9      may be made by any party or by the decedent's successor or
       representative.  If the motion is not made within 90 days after
10     service of a statement noting the death, the action by or against the
       decedent must be dismissed.
11
12  Plaintiff's section 1983 claim has not been extinguished.  Because "Section 1983 does not deal
13  expressly with the question of survivorship," Pritchard v. Smith, 289 F.2d 153, 155 (8th Cir.
14  1961), federal courts to look to state law in determining whether section 1983 claims survive the
15  death of a defendant, provided that state law is not inconsistent with federal law. Id. at 157
16  (citing 42 U.S.C. § 1988), Moor v. County of Alameda, 411 U.S. 693, 703 (1973) (citing
17  Pritchard, 289 F.2d 153) ("it has been held that pursuant to § 1988[,] state survivorship statutes .
18  . . may be used in the context of actions brought under § 1983."), see also Robertson v.
19  Wegmann, 436 U.S. 584, 589 (1978) (applying state law to determine whether a section 1983
20  claim survived death of the plaintiff).  The applicable California law, Cal. Code Civ. P. §
21  377.20(a), provides that "Except as otherwise provided by statute, a cause of action for or against
22  a person is not lost by reason of the person's death, but survives subject to the applicable
23  limitations period."  Accordingly, at this stage, the court concludes that Howard's death did not
24  extinguish the claim against him.
25      Applying the remaining provisions of Rule 25(a)(1) leaves plaintiff in a difficult position.
26  Plaintiff is the party least able to discover the identity, if any, of Howard's successor or the

executor of his estate. Rule 25 nonetheless apparently compels plaintiff to name these individuals within a small window of time. Faced with similar situations, courts have extended the ninety-day period established by Rule 25, arriving at this result in two ways.

One line of cases holds that

> a suggestion[2] of death does not set in motion Rule 25(a)(1)'s ninety-day limitation unless the suggestion identifies the representative or successor who may be substituted as a party. It would hardly be consistent with the just, speedy, and inexpensive determination of civil actions . . . to place upon the plaintiff the burden of locating the representative of the estate within 90 days.

McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir. 1985) (quoting Rende v. Kay, 415 F.2d 983, 985 (D.C. Cir. 1969)) (internal citations, quotations, and modifications omitted).[3] In McSurely defendants had filed a petition for Supreme Court certiorari that stated that defendants were deceased. The D.C. Circuit held that even though this petition effectively notified plaintiff of the fact of death, the petition did not start the running of Rule 25's 90 day period, because it "did not identify the decedents' 'successors' or 'representatives.'" Id.

McSurely rooted the requirement that a statement of death identify successors in the advisory committee note to Rule 25. The note states that

> [the] time limit for the motion to substitute [is] based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record. . . . A motion to substitute may be made by any party or by the

---

[2] Although Rule 25(a)(1) refers to a "statement" of death, the advisory committee note refers to a "suggestion" of death. Courts interpreting the Rule have used the terms interchangably.

[3] For other cases adopting this approach, see also Dummar v. Lummis, 2007 U.S. Dist. LEXIS 95288, 7-8 (D. Nev. Dec. 26, 2007) ("To be valid and trigger the 90-day limitation period for filing a motion for substitution, a suggestion of death must identify the successor or representative who may be substituted for the decedent."), Parker v. Lemanski, 1989 U.S. Dist. LEXIS 6403 (D.D.C. May 27, 1989) ("a true suggestion of death has not been made unless the administrator or personal representative has been identified."), Merit Ins. Co. v. Colao, 1986 U.S. Dist. LEXIS 21100 (N.D. Ill. Aug. 27, 1986) ("where the statement of death does not list the name of an executor or administrator of the estate, although the information is readily available to the person filing the statement, the statement or suggestion of death is ineffective under Rule 25.").

3

> representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.

The D.C. Circuit has interpreted the committee's statement "that suggestion of death could be made by 'the representative of the deceased party'" as "plainly contemplat[ing] that the suggestion emanating from the side of the deceased would identify a representative of the estate, such as an executor or administrator, who could be substituted for the deceased as a party, with the action continued in the name of the representative." Rende, 415 F.2d at 985.

The Second Circuit has reached essentially the same outcome, but it has rejected the D.C. Circuit's reasoning in McSurely and Rende. Explicitly declining to follow these cases, the Second Circuit stated:

> [R]ule [25] does not require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties. Were there no other manner in which to avoid the particular dilemma identified by the court in Rende, we might see the wisdom of the requirement. However, the Federal Rules of Civil Procedure do provide what we believe is the proper solution.

Unicorn Tales v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998). That solution is a motion under Fed. R. Civ. P. 6(b) to enlarge the time to file a motion for substitution.[4] Although Rule 25 states that an action "must" be dismissed if a motion to substitute is not brought within ninety days, this

---

[4] Rule 6(b) states:
> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.

4

has been held not to preclude a Rule 6(b) motion to enlarge this timeframe. Rule 6(b) explicitly specifies a number of time periods that may not be expanded. Rule 25(a)(1) motions were formerly included on this list, but have since been removed, indicating that the period for Rule 25 motions may be extended. Under Unicorn Tales, the ninety-day period begins to run when plaintiff receives the statement or suggestion of death, but the plaintiff may file a Rule 6(b) motion to either enlarge or reinstate this period.

Turning to this case, neither line of cases permits the approach attempted by plaintiff, i.e., filing a Rule 25 motion substituting in an unknown party. Therefore, this court must deny plaintiff's motion to substitute for Howard the unknown executor of Howard's possible estate.

Because this court concludes that no valid motion for substitution has been filed, the court must also determine whether Rule 25 compels dismissal of plaintiff's claims against Howard due to the expiration of the ninety-day period. On the facts of this case, both McSurely and Unicorn Tales indicate that dismissal is improper. Under McSurely, the period has yet to commence, and therefore has not expired. Under Unicorn Tales, although extension occurs only if a Rule 6 motion is filed, this court construes plaintiff's filings on this issue as constituting such a motion. Therefore, because the period for filing a Rule 25 motion has not yet expired, this court does not dismiss plaintiff's claim against defendant Howard.

One final issue remains–determining how long plaintiff has to identify the executor of Howard's estate or some other successor. On this point, McSurely and Unicorn Tales diverge. McSurely would grant effectively unlimited time, whereas Unicorn Tales requires this court to specify the amount of enlargement. With no binding authority on this issue, this court follows Unicorn Tales. Nothing in Rule 25 itself states that the notice or suggestion of death must identify the decedent's successor. Thus, the statement of death was adequate to start the ninety day period. Interpreting plaintiff's other filings as a Rule 6(b) motion for enlargement of time, the court grants plaintiff has 120 days from the filing of this order in which to conduct discovery or otherwise identify a party for substitution.

**CONCLUSION**

For the reasons stated above,

1. Plaintiff's motions for substitution (Document Nos. 90 and 97) are DENIED.

2. Plaintiff has 120 days from the filing of this order in which to conduct further discovery and attempt to identify a party that may be substituted for defendant Howard.

IT IS SO ORDERED.

DATED: February 9, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT