1
2
3
4
5
6
7
8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN WILLIAMS,

11              Plaintiff,              No. 2:03-cv-2044 LKK JFM (PC)

12         vs.

13   NORMAN BARON, C.M.O., et al.,      <u>ORDER AND</u>

14              Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action was filed on September 29, 2003.  By order filed April 9, 2008,

18   this court found that plaintiff's sixth amended complaint stated cognizable claims for relief

19   against defendants M. Roche, N. Baron, N. Grannis, Lt. Howard, and M. Watson.  Four of the

20   five defendants have been dismissed.  *See* Nov. 12, 2008 Order (dismissing defendant Roche);

21   March 5, 2009 Order (dismissing defendants Watson and Baron); March 11, 2009 Order

22   (dismissing defendant Grannis).

23         The sole defendant remaining in this action, defendant Howard, is deceased.  By order

24   filed February 10, 2009, the district court granted plaintiff a period of one hundred twenty days to

25   conduct further discovery in an effort to identify a proper party who might be substituted for

26   defendant Howard.  On April 8, 2009, plaintiff filed a document styled "Motion for Substitution

1

of Proper Party Representative of Deceased Def. Howard."  Defendants construe this document as a request to substitute the Office of the Attorney General in as defendant in place of defendant Howard and on that basis oppose the request.  That construction is confirmed by plaintiff's April 16, 2009 motion for appointment of counsel, wherein he seeks appointment of counsel to aid him with discovery "if the court does not grant plaintiff's prior motion substituting the Attorney General's Office as representatives of the deceased in this matter."  Motion for Appointment of Counsel, filed April 16, 2009, at 1.

The Office of the Attorney General is not a proper party substitute for the deceased defendant and plaintiff's request for substitution will therefore be denied.  Moreover, in view of the status of this action, the court has reviewed plaintiff's sixth amended complaint and, on completion of said review, has determined that the claim against defendant Howard is not cognizable in this § 1983 action.  Plaintiff alleges that on May 1, 2002, while plaintiff was being received at High Desert State Prison, defendant Howard "negligently confiscated [plaintiff]'s shoes."  Sixth Amended Complaint, filed March 5, 2008, at 5.  Plaintiff claims that the shoes were medically necessary and that the deprivation of his shoes cause him "great pain of body function and mental stability."  Id.

An allegation of negligence does not support a claim under 42 U.S.C. § 1983 based on alleged deliberate indifference to a serious medical need in violation of the Eighth Amendment.   Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Nor does an allegation of negligent deprivation of property support a claim under the Due Process Clause of the Fourteenth Amendment.  See Daniels v. Williams, 474 U.S. 327 (1986).

Section 1915(e)(2)(B)(ii) of Title 28 of the United States Code requires the court to dismiss the case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."  For the foregoing reasons, plaintiff's claim against defendant Howard is not a claim upon which relief may be granted in this action and it should therefore be

1   dismissed.  Upon the dismissal of defendant Howard, there will be no defendants remaining in

2   this action and the entire action should therefore be dismissed.

3              Plaintiff's April 16, 2009 motion or appointment of counsel will also be denied.

4   The United States Supreme Court has ruled that district courts lack authority to require counsel

5   to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

6   296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary

7   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

8   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present

9   case, the court does not find the required exceptional circumstances.

10             In accordance with the above, IT IS HEREBY ORDERED that:

11             1.  Plaintiff's April 8, 2009 motion for substitution is denied;

12             2.  Plaintiff's April 16, 2009 motion for appointment of counsel is denied; and

13             IT IS HEREBY RECOMMENDED that:

14             1.  Plaintiff's claim against defendant Howard be dismissed for failure to state a

15   claim upon which relief may be granted; and

16             2.  This action be dismissed.

17             These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19   days after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

22   /////

23   /////

24   /////

25   /////

26   /////

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2009.

UNITED STATES MAGISTRATE JUDGE

12
will2044.fdm

4